IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| **LASHONDA WHITEHURST,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:18-cv-00326-VMC-JSS |
| | ) | |
| v. | ) | Judge Covington |
| | ) | Magistrate Judge Sneed |
| **RP ON-SITE LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, LASHONDA WHITEHURST, by and through her attorneys, SMITHMARCO, P.C., and for her amended complaint against RP ON-SITE LLC, Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. LASHONDA WHITEHURST, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of St. Petersburg, County of Pinellas, State of Florida.

1

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. RP ON-SITE LLC, (hereinafter, "Defendant"), is a business entity that provides tenant screening services to various third-parties.

7. Defendant has its principal place of business located at 307 Orchard City Drive, Suite 110, Campbell, CA 95008-2948.

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## IV. ALLEGATIONS

11. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13. Among other things, Defendant sells consumer reports to potential landlords who wish to screen tenant applicants.

14. Some of the consumer reports Defendant sells to landlords contain information regarding a tenant's criminal arrest and conviction history.

2

15. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16. As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17. On or about January 3, 2018, Plaintiff submitted a tenancy application for an apartment at Aventine At Forest Lakes (hereinafter, "AVENTINE").

18. On or about January 3, 2018, AVENTINE agreed to rent an apartment to Plaintiff contingent upon Plaintiff successfully passing a background screening.

19. As part of its routine background check on its prospective tenants, AVENTINE requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

20. On or about January 3, 2018, Defendant prepared and sold a consumer report to AVENTINE, purportedly regarding the character and general reputation of Plaintiff.

21. The aforementioned consumer report contained public record information that indicated that Plaintiff had a misdemeanor criminal conviction.

22. Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

23. The inaccurate information of which Plaintiff complains is a putative misdemeanor conviction for "FTA False Alarm with no permit" in October 2006.

24. Plaintiff has never been arrested, tried or convicted of any misdemeanors.

25. Specifically, Plaintiff asserts that Defendant falsely reported the nature of the incident; Plaintiff asserts that in October 2006 she received notice of an ordinance violation, that she was levied a fine and that she paid that fine. At no time was the ordinance violation deemed to be a misdemeanor.

26. Despite the foregoing, Defendant has disseminated consumer reports containing the aforesaid inaccurate information to various third-parties, including AVENTINE.

27. The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

28. As of the result of the inaccurate information reported by Defendant to AVENTINE, Plaintiff's rental application was denied.

29. Despite its obligations to comply with the FCRA, Defendant prepared and sold a report purporting to contain information regarding Plaintiff's character and general reputation yet said report contained patently inaccurate information.

30. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to AVENTINE and other unknown third parties.

31. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Temporary loss of opportunity to move into premises at Aventine;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

32. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

33. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

   a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

34. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.   JURY DEMAND

35. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LASHONDA WHITEHURST, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Punitive damages;

   d. Plaintiff's attorneys' fees and costs; and,

   e. Any other relief deemed appropriate by this Honorable Court.

                                            Respectfully submitted,
                                            **LASHONDA WHITEHURST**

                                  By:   s/ David M. Marco
                                          Attorney for Plaintiff

Dated: April 2, 2018

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithmarco.com

## **CERTIFICATE OF SERVICE**

     I certify that on April 2, 2018, I electronically filed the foregoing Amended Complaint with the Clerk of the Court using the CM/ECF System, which will then send such notification to the following counsel of record:

            John S. Gibbs
            TROUTMAN SANDERS LLP
            600 Peachtree Street NE
            Atlanta, GA 30308

                                  By:   s/ David M. Marco
                                         Attorney for Plaintiff